UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 05-242** |
| **GLENN A. HAYDEL** | **SECTION "K"(3)** |

## ORDER

Before the Court is defendant's Motion to Compel for Pre-Trial Determination of Admissibility of Party-Opponent Testimony, Pursuant to Rule 801(d)(2). See Rec. Doc. No. 31. Oral argument was held on March 8, 2006 wherein defendant requested an Order directing the U.S. Attorney to identify co-conspirator statements to be used at trial, if any, under Rule 801(d)(2)(E), and for the Court to hold a *James* hearing on the admissibility of any such statements prior to trial. Defendant argues that in order to minimize surprise and any prejudice, the Court should determine the scope, time, and whether the statements were "in furtherance of" the conspiracy, as required under the rule, in a pre-trial setting.

In support defendant points to *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992); *United States v. Ruiz,* 987 F.2d 243 (5th Cir. 1993); *United States v. Gonzalez Calez-Balderas*, 11 F.2d 1218 (5th Cir. 1994). While recognizing that the Rule allows discretion of the Court as to when a determination regarding the

necessary predicates for admissibility of co-conspirator statements must be made, defendant urges that the Court make this determination pre-trial.

The government argues that pursuant to Rule 16(a)(2)[1], a request for any co-conspirator statements is just a ruse to discover the names of prospective witnesses, names to which defendant is not entitled.  Rule 16 does not "transmogrify the co-conspirator into the person of the defendant himself."  *In re United States*, 834 F.2d 283 (2nd Cir. 1987); *United States v. Sims*, 808 F.Supp. 607 (N.D.Ill. 1992); *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990).  The Rule requiring disclosure of statements by the prosecution to a defendant pertains only to discovery of statements made by the defendant, not other witnesses.

Additionally, holding a *James* hearing is cumbersome, inefficient, and not required by the case law.  *See United States v. Bourjaily*, 483 U.S. 171 (1987); *United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir. 1993).  The Court should utilize the Fifth Circuit practice of allowing "admission subject to connection" and admit the evidence, allowing the government to use it in its case-in-chief subject to the government connecting up the evidence to the conspiracy, a determination that should come a the close of the government's case-in-chief.  *Ruiz*, 987 F.2d 246; *United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992).

---

[1]Rule 16 Discovery and Inspection.
(a)(2) Information Not Subject to Disclosure.
Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or othe4r government agent in connection with investigating or prosecuting the case.  *Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500* (emphasis added).

**Legal Standard and Analysis:**

As to Fed. R. Evid. 801(d)(2)(E), the "co-conspirator exception" is actually non-hearsay– it is set forth in Rule 801(d) where all actual hearsay exceptions are contained in Rules 803 and 804.  As to admissibility, before the Court can admit a co-conspirator statement it should be satisfied that the statement actually fits the rule.  This means the government, as a preliminary matter, must demonstrate to the Court, by a preponderance of the evidence, that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made during the course and in furtherance of the conspiracy.  *See United States v. Bourjaily*, 483 U.S. 171 (1987).  This determination is a preliminary question of fact governed by Rule 104(a) of the FRE and the statements are only admitted if the trial court determines that they fall within the definition of Rule 801(d)(2)(E).  In determining whether there is a conspiracy the Court may consider a variety of evidence, including the offered statements themselves.  *See Bourjaily*, 483 U.S. at 171.  Additionally, there is no threshold requirement that the defendant be charged with the underlying conspiracy, *United States v. Ortiz, 966 F.2d 707, 715 (1st Cir. 1992)*, nor that the Court conduct a separate pre-trial hearing on the admissibility of such a statement in determining whether a conspiracy existed. *See Bourjaily*, 483 U.S. at 171.

The relevant case law supports the finding that the Court has virtually unfettered discretion to determine when to make such a determination, provided the Court make at least some cursory attempt to find the predicates before the *defense* rests.  *See,e.g. United States v. Fragoso*, 978 F.2d 896, 900-01 (5th Cir. 1992)(holding that, despite the district court's never making any explicit findings of the requisite predicate facts under Rule 801(d)(2)(E), the court's error was harmless because the district court *implicitly* did so when it denied the defendant's

motion for a directed verdict of acquittal). Consequently, the Court finds that a pre-trial determination of the admissibility of co-conspirator statements is not necessary at this time. However, the Court *will* follow its usual practice of allowing the statements to be offered at trial, subject to a brief bench conference wherein the Court will base its admissibility decisions on whether the government has met its burden of proof regarding the requisite predicates for conspiracy. Only if the Court should then find these predicates have been met will the statements in question be admitted as evidence for the jury's consideration and in accordance with the Rule.

Accordingly,

**IT IS ORDERED** that defendant's Motion to Compel for Pre-Trial Determination of Admissibility of Party-Opponent Testimony, Pursuant to Rule 801(d)(2), (Rec. Doc. No. 31) is hereby **DENIED**.

New Orleans, Louisiana, this  13th  day of March, 2006.

                                                    **STANWOOD R. DUVAL, JR.**
                                            **UNITED STATES DISTRICT COURT JUDGE**